a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAMS #35731-177,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03841<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| C MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Christopher Williams ("Williams"). Williams is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Williams challenges a disciplinary conviction.

Because Williams has failed to comply with the Order to Amend (ECF No. 8), his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.  Background

Williams alleges that that he received a disciplinary conviction in violation of his constitutional rights. Williams was ordered to amend his Petition because he provided no facts indicating the nature or basis of the disciplinary charge or copies of the charge, conviction, or appeals in support of his claims. ECF No. 8.

## II. Law and Analysis

A district court may dismiss an action for the petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Williams failed to comply with the Court's Order to amend his Petition. ECF No. 8. He has not provided information as to when and where the incident occurred or a copy of the write-up and hearing officer's report. Also, there is no evidence that Williams exhausted his claim.[1]

## III. Conclusion

Because Williams has failed to comply with the Court's Order (ECF No. 8), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] Although § 2241 does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 2, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE